# UNITED STATES DISTRICT COURT
## Northern District of Florida
### Tallahassee Division

| | | |
|---|---|---|
| Al Hamman | ) | Case No.: *4:22 cv 146-AW / MJF* |
|     Plaintiff | ) | |
| | ) | Jury Trial Demanded |
| -v- | ) | |
| | ) | VERIFIED |
| Florida's Board of Governors in it's | ) | COMPLAINT FOR |
| official and individual capacities | ) | VIOLATION OF |
|     Defendants | ) | CIVIL RIGHTS |

Plaintiff, Al Hamman, sues the Board of Governors for violations of civil rights under color of law.

## I     NATURE OF THE ACTION

1.     This is an action for relief from violations of civil rights under color of law by the University of Central Florida, and the Board of Governors has the explicit legal responsibility imposed by *Florida Statute* 1001.705 to enforce all state & federal laws for UCF.

2.     Plaintiff is a home educating Floridian & alleges that UCF used policies which were explicitly contrary to a valid Florida statute which resulted in the deprivation of his home educated minor child of statutorily-granted, government-funded, basic education programs provided for the state's secondary students.   The existence and content of these policies are not in dispute between

the parties, and these claims will be decided as a matter of law.   The only question is whether or not UCF may arbitrarily make policies which violate the black letter of *Florida Statute* 1007.271(13)(b), policies which result in legally eligible students being prohibited from participation in government-funded, statutorily-granted basic education programs provided for the state's secondary students.

3.     Plaintiff subsequently investigated UCF's violations of *Florida Statute* 1007.271(13)(b) using the levers of open government, Florida's Sunshine and Public Records laws.   In an effort to cover up & further the underlying violation of civil rights, UCF engaged in a shocking campaign to obstruct justice. Claims 4 through 8 are each independently self-sufficient constitutional claims & could each stand alone, each claim relies on a single piece of indisputable documentary evidence, all but one of them are self-authenticating, and one of those pieces of evidence is BodyCam video of UCF's police admitting they knew at the time that they were violating Plaintiff's rights but violating those rights anyway stating that they were just following orders.

## II     PARTIES

4.     Plaintiff, Al Hamman, resides in Orange County, Florida. Plaintiff's address is 1209 N. Westmoreland Dr, Orlando Fl 32804

5.     Defendant Board of Governors ("BOG") is a public corporation which is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws" pursuant to *Florida*

*Statute* 1001.705(2)(l), and the University of Central Florida ("UCF") is an institution under the BOG's jurisdiction.   The BOG's address is 325 West Gaines Street, Suite 1614; Tallahassee FL 32399-0400.   The Board of Governors are being sued in their official & individual capacities.

## III   JURISDICTION

6.     This court has personal jurisdiction over Defendants because the BOG is located & operates within the Northern District of Florida.

7.     This court has subject matter jurisdiction because these claims are federal questions about violations of civil rights under color of law.

## IV   CLAIMS FOR RELIEF

### CLAIM ONE
**42 USC 1983 - Violation of Fourteenth Amendment right to Due Process Re UCF's "No Home Education Students in Dual Enrollment" Policy**

8.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."   UCF is an institution under the BOG's jurisdiction.

9.     *Florida Statute* 1007.271(13)(b) demands that "**Each** public postsecondary institution eligible to participate in the dual enrollment program pursuant to s. 1011.62(1)(i) **must** enter into a home education articulation agreement with **each** home education student seeking enrollment in a dual

enrollment course **and the student's parent**." UCF is eligible to participate in the dual enrollment program pursuant to s. 1011.62(1)(i). (emphasis added)

10. From 2016 through July 2018 UCF had a published policy stating that home education students could not participate in the dual enrollment program.

11. UCF's Admissions department prohibited Plaintiff's minor son from applying to the dual enrollment program between Spring 2016 through July 2018 because of UCF's published no-home-education students policy.

12. Defendant's failure to enforce for *Florida Statute* 1007.271(13)(b) caused Plaintiff's minor child to be deprived of lawful participation in the program between Spring 2016 through Summer 2018.

13. *Florida Statute* 1007.271 grants Florida's dual enrollment program which is a statutorily-granted, government-funded, basic education program provided to Florida's secondary students, grades 6 - 12.

14. *Carey v. Piphus*, 435 U.S. 247 (1978) grants that there are constitutionally protected property interests inherent in a state's statutorily-granted, government-funded, basic education programs.

15. Florida's dual enrollment program also statutorily grants the *additional* tangible property of free, durable & transferrable college credits as a benefit upon completion of a course through this government program.

16.     Defendant's failure to enforce for *Florida Statute* 1007.271(13)(b) abused "the student's parent" of the property interest inherent in an articulation agreement.   This property interest includes the equivalent of a free Florida Pre-Paid account as well as the property interest of curriculum & college-level course leadership & interaction, and the learning environment presented in a college level course.

17.     Plaintiff is a home-educating Floridian, and his liberty to educate his child as granted by *Florida Statute* 1007.271(13)(b) without arbitrary or illegal interference has also been violated.

18.     This property & liberty was deprived without due process.

19.     The Fourteenth Amendment guarantees that "No state shall *** deprive any person of life, liberty, or property, without due process of law." Therefore Defendant's failure to enforce for UCF's statutory violations constitutes a violation of Plaintiff's civil rights by the BOG.

20.     Plaintiff seeks nominal & compensatory damages.

## CLAIM TWO
### 42 USC 1983 - Violation of Fourteenth Amendment guarantee of Due Process Re UCF's Home Ed High School GPA Requirement for Dual Enrollment

21.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

22.     *Florida Statute* 1007.271(13)(b)(2) mandates that home education students are legally eligible to participate in the program without providing a high school GPA if they achieve a minimum score on Florida's PERT. "A high school grade point average may not be required for home education students who demonstrate achievement of college-level communication and computation skills as provided under s. <u>1008.30</u>(1) or (2)"     s. 1008.30(1) refers to Florida's PERT.

23.     In July 2018 UCF withdrew it's published policy stating that home education students could not participate in the dual enrollment program, but confoundingly instituted a policy that home education students must provide proof of a 3.8 high school GPA in order to apply for the program; a policy which is in explicit contradiction to *Florida Statute* 1007.271(13)(b)(2) which states that GPA "may not be required" from home education students.

24.     UCF's Admissions department prohibited Plaintiff's minor son from applying to the program from Fall 2018 through Fall of 2021 because of UCF's policy demanding a 3.8 high school GPA in order to apply for the program because Plaintiff's home education program was fundamentally incongruous with the traditional 4.0 grading scale.

25.     Defendant's failure to enforce *Florida Statute* 1007.271(13)(b)(2) caused Plaintiff's minor child to be deprived of lawful participation in the program between Fall 2018 through the end of 2021.

26.     The property & liberty documented in claim #1 above were similarly injured through this policy.

27.     These property & liberty interests were deprived without due process.

28.     The Fourteenth Amendment guarantees that "No state shall *** deprive any person of life, liberty, or property, without due process of law." Therefore Defendant BOG's failure to enforce for it's corporate child's statutory violations constitutes a violation of Plaintiff's civil rights.

29.     Defendant acted with malice & reckless disregard for Plaintiff's civil rights.

30.     Plaintiff seeks nominal, compensatory, & punitive damages.

## CLAIM THREE
### 42 USC 1983 - Violation of Fourteenth Amendment guarantee of Due Process Re UCF's SAT / ACT Requirement for Dual Enrollment

31.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

32.     As shown above, *Florida Statute* 1007.271(13)(b)(2) mandates that home education students are allowed to participate in the program if they achieve a minimum score on Florida's PERT.   "A high school grade point average may not be required for home education students who demonstrate

achievement of college-level communication and computation skills as provided

under s. <u>1008.30</u>(1) or (2)"   *Florida Statute* 1008.30(1) is Florida's PERT test.

        33.      In June 2021 UCF withdrew it's published policy requiring home education students to provide a 3.8 high school GPA in order to participate in the dual enrollment program, but once again kept a policy which explicitly violated the plain language of the same subsection.

        34.      UCF's website demands that all students must report scores on the SAT or the ACT in order to apply for the program.

        35.      But Plaintiff's home educated child has "demonstrate[d] achievement of college-level communication and computation skills as provided under s. <u>1008.30</u>(1)," when he passed the PERT in 2016, and he has been attempting to present it's score to UCF in application for the program continuously since 2016 through today.

        36.      Defendant's failure to enforce *Florida Statute* 1007.271(13)(b)(2) causes Plaintiff's home educated student to currently be deprived of lawful participation in the program.

        37.      There are property rights inherent in participating in a state's statutorily-granted, government-funded, basic education programs; and Florida's dual enrollment program is a statutorily-provided, government-funded, basic education program.   These property rights have been deprived without due process.

38.     Plaintiff is a home educating Floridian, and this interference also constitutes a deprivation of Plaintiff's liberty to educate his child as he sees fit within law without arbitrary or unlawful interference from the government.

39.     The Fourteenth Amendment guarantees that "No state shall *** deprive any person of life, liberty, or property, without due process of law." Therefore Defendant's failure to enforce for it's corporate child's statutory violations constitutes a current & ongoing violation of Plaintiff's civil rights.

40.     Defendant acted with malice & reckless disregard for Plaintiff's civil rights.

41.     Plaintiff seeks injunctive relief coercing UCF to change it's dual enrollment testing policy to the requirement of Florida's PERT per *Florida Statute* 1007.271(13)(b)(2);  Plaintiff also seeks nominal, compensatory & punitive damages.

## UCF'S CAMPAIGN TO OBSTRUCT JUSTICE

42.     Plaintiff has subsequently investigated the above claims using the levers of open government, Florida's Sunshine laws & Public Records laws. In response to this open-government based investigation, UCF engaged in a concerted campaign to obstruct justice and intentionally violate Plaintiff's First & Fourteenth Amendment rights.   The following obstruction of justice claims were each done to further the violations of civil rights documented above.

43.     The first of the obstruction of justice claims proves that UCF's actions were intended to obstruct justice in the most literal way, by violating chapter 843 of the Florida Statutes - Florida's Obstruction of Justice statute.

## CLAIM FOUR A
### Obstruction of Justice pursuant to *Florida Statute* 843.02

44.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

45.     *Florida Statute* 843.02 states that " Whoever shall resist, obstruct, or oppose any officer *** or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

46.     On March 21 2019, UCF's police removed Plaintiff from UCF's Board Meeting with the stated intention of keeping Plaintiff from serving documents related to ongoing litigation.    Subsequent to removal, UCF's police would not allow Plaintiff to return to the meeting.    Plaintiff was never disruptive in any way during the meeting, a fact which UCF's officers acknowledged was not at issue in UCF's removal of Plaintiff.

47.      The incident was captured on police BodyCam, available in

two clips at https://youtu.be/BUEaNn88TOg  &  https://youtu.be/BUEaNn88TOg

> @ 58 seconds - Sergeant Slavik: "I understand there some current litigation and you have some kind of documentation you want to give to the president"

> Plaintiff: " No sir, not in the slightest "

> Sergeant Slavik: " So you have no documents you want to try to give him? "

> Plaintiff: " No sir "

> @ 2:23 - Plaintiff explains that he and his son are pro se litigants

> [ ≈ 4 minutes of Plaintiff politely explaining that he was just exercising his right to attend the Board meeting to quietly observe & his right to be there.   Officer Gonzales acknowledges that Plaintiff had not been disruptive ]

> @ 6:27 - Officer Gonzales: " We were, you know, we have orders & that's all it is "

> @ 8:25 - Gonzales & Slavik together: " **We understand you have your rights, even to be there and all that; but like we said, we were just doing what we were told.   I just approached you and we ask you to leave.   It's all we need** "

48.      This action caused injury to Plaintiff's open-government

based investigation as a result of depriving Plaintiff's right to be in the board

meeting in order to oversee it.    Obstructing that investigation has allowed UCF to

further it's constitutional violations which deprive home schooled children

(including Plaintiff's son,) from participating in the program as granted by law.

49.     Plaintiff seeks nominal, compensatory & punitive damages for Defendant's failure to enforce Florida's Obstruction of Justice laws.

## CLAIM FOUR B
### 42 USC 1983 – Deprival of Liberty without Due Process
### Resulting from the Illegal Removal From UCF's Board Meeting by UCF's Police

50.     UCF's police action on March 21 2019 also violated Plaintiff's liberty, a point which Plaintiff made in layman's terms during the interaction.

51.     The Fourteenth Amendment of the United States Constitution guarantees that the state cannot deprive a person's liberty without due process.

52.     UCF's police removed Plaintiff from the meeting and would not allow him to return, therefore UCF's actions also additionally violate the Fourteenth Amendment guarantee that no person's liberty shall be deprived without due process.

53.     Defendant's failure to enforce the Fourteenth Amendment's guarantee of due process caused Plaintiff to be deprived of his liberty.

54.     UCF's officers admitted that they knowingly & intentionally violated Plaintiff's rights, making this an intentional deprivation of liberty.

55.     Plaintiff seeks nominal, compensatory & punitive damages

## CLAIM FOUR C
### 42 USC 1983 – Violation of First Amendment guarantee of Freedom of the Press
### Resulting from the Illegal Removal From UCF's Board Meeting by UCF's Police

56.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

57.     The First Amendment of the United States Constitution guarantees the freedom of the press.

58.     On March 21 2019 Plaintiff was illegally removed from UCF's Board meeting as documented above.

59.     At that time UCF was aware that Plaintiff hosted a weekly radio show on WPRK 91.5 FM, and that Plaintiff used that forum to expose UCF's illegal activity.

60.     UCF's police did not remove Plaintiff during the hours of the meeting that he sat through in the general attendee area, but only removed Plaintiff once he moved into the press area and began talking to other members of the press.

61.     During the removal from the press area and meeting, UCF's police admitted to Plaintiff that there was no legal justification to have removed Plaintiff from the Board Meeting.   After Plaintiff politely protested and stated that he had a right to be there, Officers Slavik & Gonzalez stated:

> **"We understand you have your rights, even to be there and all that; but like we said, we were just doing what we were told.   I just approached you and we ask you to leave.   It's all we need"**
> https://youtu.be/BUEaNn88TOg

62.     Defendant's failure to enforce for the United States Constitution's First Amendment has caused Plaintiff to suffer irreparable harm to his rights as a member of the press.

63.     UCF's officers admitted that they knowingly & intentionally violated Plaintiff's rights.

64.     Plaintiff seeks nominal, compensatory & punitive damages.

## CLAIM FOUR D
### 42 USC 1983 – Violation of Florida's Constitution Article 1, Section 24
### Illegal Removal From UCF's Board Meeting by UCF's Police

65.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

66.     Article 1, Section 24 of Florida's Constitution and Florida Statutes chapter 286 guarantees a citizen's rights to attend UCF's board meetings.

67.     On March 21 2019 Plaintiff was illegally removed from UCF's Board meeting as documented above.

68.     During the removal, UCF's police admitted to Plaintiff that there was no legal justification to have removed Plaintiff from the Board Meeting. **"We understand you have your rights, even to be there and all that; but like we said, we were just doing what we were told.   I just approached you and we ask you to leave.   It's all we need"**

69.     Defendant's failure to enforce Florida Constitution's Article 1 Section 24 which entitles Plaintiff to attend UCF board meetings has caused Plaintiff to suffer irreparable harm and has also obstructed the cause of justice in the broader sense.

70.     UCF's officers admitted that they knowingly & intentionally violated Plaintiff's rights.

71.     Plaintiff seeks nominal, compensatory & punitive damages

## CLAIM FIVE
### 42 USC 1983 - Violation of Florida's Constitution
### Illegal Board Side-Meeting Held Regarding Plaintiff's Personal Rights

72.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

73.     Article 1, Section 24 of Florida's Constitution and Florida Statutes chapter 286 guarantees a citizens rights to be properly noticed about UCF's board meetings, meetings which are open to interested parties, and which are reported in minutes.

74.     On June 17 2021 at the beginning of UCF's Board meeting during public comments, Plaintiff spoke directly to the Board members and informed them about how UCF was violating the law which abused his family's constitutional rights in regards to the statutes being violated in claims 2 & 3.

75.     On June 17 2021 at approximately 12:30, UCF's board held an illegal impromptu side meeting expressly about Plaintiff's individual rights being abused through the illegal policies which Plaintiff had just directly petitioned the board to redress.    Seconds after being explicitly instructed by Chairwoman Seay that meeting participants may not talk with each other outside the meeting room, ad hoc members President Cartwright and Provost Johnson left the Board table and coordinated a covert meeting with Plaintiff about the policy which was abusing Plaintiff's civil rights.    Ad hoc members Cartwright & Johnson converged on Plaintiff and spoke to each other & Plaintiff specifically about this matter.    Immediately upon conclusion of the illegal impromptu side meeting with Plaintiff, the ad hoc members returned to the Board table.

76.     During the side meeting, Provost Johnson used the term "quasi-judicial."

77.     UCF failed to uphold it's responsibility to provide reasonable public notice for this meeting including having not included the Notice of Appealability verbiage demanded by *Florida Statute* 286.0105 among several other deficiencies documented in the Motion for TRO.

78.     The side meeting's existence does not appear in minutes.

79.     The failures of notice are well documented in the Motion for TRO filed with this verified complaint.

80.     Defendant's failure to enforce Article 1 Section 24 of Florida's Constitution and chapter 286 of the Florida Statutes has caused Plaintiff to suffer irreparable harm to his constitutional right to due process.

81.     The President & Provost of UCF intentionally coordinated an unconstitutional board meeting outside the boardroom for the purpose of moving board business out of the sunshine, a meeting which transpired moments after the Chairwoman of the Board of Trustees instructed them not to talk to each other outside the boardroom.

82.     Defendant acted with malice & reckless disregard for Plaintiff's civil rights.

83.     Plaintiff seeks nominal, compensatory & punitive damages

## CLAIM SIX
### 42 USC 1983 - Retaliation for Exercise of First Amendment Right to Petition Withholding a Public Record Because of Unrelated Litigation

84.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

85.     Article 1, Section 24 of Florida's Constitution guarantees a citizens rights to public records, constitutional rights which are codified in chapter 119 of the Florida Statutes.

86.     On July 6 2021, in order to investigate the above claim; Plaintiff visited UCF's Office of Public Records and requested a copy of the public notice which had been published for UCF's June 17 Board meeting.    The Office Manager for the Office of Public Records Rebeca Pluguez refused because she demanded that the request be submitted in writing which included the name of the requestor, and she demanded to know Plaintiff's intention for why he was requesting the record before she would consider processing the request.    Plaintiff, having just read the Florida Bar's Sunshine Laws & Public Records manual from cover to cover several times in the preceding days, immediately recognized these as plainly illegal.

87.     When Plaintiff (under polite disagreement) then produced a written request which identified his name, and Plaintiff verbally stated that his intention was to receive and inspect a copy of the public record as was his legal right; Office Manager Pluguez refused to comply with the request excitedly stating that they would "not play these games" with Plaintiff because "we've been in litigation with you for five and a half years."

88.     Plaintiff's wife contemporaneously wrote a one-page hand written affidavit quoting the above statement by Office Manager Pluguez moments after she said it, a copy of which is included in the appendix of this verified complaint as Exhibit 1, page 3.

89.     The First Amendment guarantees that the state cannot
retaliate for the exercise of one's constitutional right to petition the government for
the redress of grievances.

90.     Plaintiff has in fact sought declaratory judgement and
injunctive relief regarding UCF's illegal policies for six years now.

91.     This intentional violation of Plaintiff's First Amendment right
to petition constitutes irreparable injury *per se*.

92.     UCF acted with malice & reckless disregard for Plaintiff's
civil rights.

93.     Plaintiff seeks nominal, compensatory & punitive damages

### CLAIM SEVEN
### 42 USC 1983 - Violation of First Amendment Right to Record
### Threatening to Have Plaintiffs Arrested & Trespassed by UCF's Police for
### Attempting to Record Pluguez's Criminal & Constitutional Violation

94.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is
responsible for "enforcing for institutions under the board's jurisdiction, all
applicable local, state, and federal laws."

95.     Article 1, Section 24 of Florida's Constitution guarantees a
citizens rights to public records.

96.     When Plaintiff asked his wife to record Office Manager
Pluguez's illegal and retaliatory refusal to comply with the request in the previous
claim, Office Manager Pluguez barked that if Plaintiff's wife did record Pluguez

without her permission that Pluguez would have Plaintiff & wife arrested and trespassed from UCF for a year.

97.     At all times Plaintiff and wife were within the public reception area for the Public Records Office in 360 Millican Hall.

98.     On July 9 Plaintiff received a letter from UCF's external attorneys BakerHostetler confirming that Plaintiff would be arrested for wiretapping pursuant to *Florida Statute* 934.03 for openly filming public officials committing a crime without their express prior permission.

> " when Alfred Hamman went by Millican Hall on July 6 (with Mrs. Hamman), he insisted on recording the conversation with the office manager there, who had indicated her objection to the recording. Kindly be advised that Section 934.03, Florida Statutes, prohibits the recording of conversations unless all participants consent to such recording. Violation of that statute is a criminal offense. "
> UCF's Lawyer's Letter dated July 9 2021.
> Appendix to Preliminary Injunction, Exhibit 2 on page 5

99.     The First Amendment secures the right to record public officials in public places in the performance of their duties.

100.    This violation of Plaintiff's First Amendment rights constitutes irreparable injury *per se*.

101.    Plaintiff has suffered additional injuries.    This threat extends to being a continued violation of liberty; because UCF has already demonstrated a willingness to use it's police illegally, and UCF's police has

demonstrated that they will do what they are told even if they know they are violating Plaintiff's rights.

102.     UCF knowingly & intentionally does this act, and the act is being done in order to cover up & further crimes it committed while covering up the underlying criminal deprivation of civil rights under color of law.

103.     Though it is not a requirement in order to exercise the right to record public officials in public places in the performance of their duties, it must be noted that Plaintiff was actually attempting to record the Office Manager for UCF's Office of General Counsel committing a criminal violation of *Florida Statute* 119.10(1)(b) and violating the Constitutions of both Florida & the United States.

104.     Plaintiff seeks nominal, compensatory & punitive damages

## CLAIM EIGHT
### 42 USC 1983 - Violation of constitutional right to public records
### Withholding a Public Record requested on July 23 2021

105.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

106.     Article 1, Section 24 of Florida's Constitution guarantees a citizens rights to public records, a constitutional right which is codified in chapter 119 of the Florida Statutes.

107.     On June 17 2017, Plaintiff spoke during Public Comments at the beginning of UCF's board meeting.    Plaintiff brought to light UCF's illegal policy regarding the dual enrollment home education high school GPA policy and how the policy has caused a violation of Plaintiff's civil rights.

108.     Hours after Plaintiff's presentation to UCF's board, and years after UCF began defending it's home education GPA policy in court; UCF quietly changed the Dual Enrollment web site and removed that unconstitutional policy, immediately making it appear as if they had never been breaking the law to anyone who might investigate Plaintiff's claims during June 17 Public Comments.

109.     On July 23 2021, Plaintiff made a public records request for the public record of who in administration ordered that change to UCF's Dual Enrollment web page.

110.     As of this date and over 8 months after the request, UCF still refuses to provide Plaintiff with a copy of the record.

111.     Plaintiff need not prove UCF's motive in order to be entitled to production of the record from this tribunal, it is being purposefully withheld because if anyone associated with the board ordered the change it would prove knowledge of guilt by the board of trustees of the underlying civil rights violations.

112.     Deprival of this record violates Florida's Constitution & chapter 119 of the Florida Statutes, conditions sufficient for adjudication and relief.

113.     The effect of this deprival violates Plaintiff's rights to due process as guaranteed by the United States Constitution, as it specifically seeks to subvert and illegally defeat Plaintiff's case in court against defendants.

114.     Although motive us not a necessary element for adjudication & relief in this civil claim, it must be noted that A) the Office of Legal Counsel oversees the Office of Public Records at UCF, and B) UCF's Vice President for Legal Affairs Youndy Cook Fl bar #84727 is directly implicated in the underlying civil rights violation.

115.     Defendant acted with malice & reckless disregard for Plaintiff's civil rights.

116.     Plaintiff seeks nominal, compensatory & punitive damages

117.     Plaintiff is entitled to an "immediate hearing" pursuant to *Florida Statute* 119.01 in order to determine if a public record is being withheld.

## CLAIM NINE
### 42 USC 1986 - Violation of First & Fourteenth Amendments
### BOG's intentional abandonment of *Florida Statute* 1001.705(2)(l)

118.     *Florida Statute* 1001.705(2)(l) mandates that the BOG is responsible for "enforcing for institutions under the board's jurisdiction, all applicable local, state, and federal laws."

119.     The Board of Governors leaves each member institution to be it's own auditor regarding legal compliance.    It is open knowledge that any

question or complaint regarding UCF's legal compliance sent to the Board of Governors is sent back to UCF to investigate & determine.

120.     Such a system where the nation's largest university controls hundreds of millions of dollars with no effective legal oversight is not only odious to democracy in some vague hyperbolic sense, it is also a willful violation of the BOG's explicit duty as trustees to enforce all applicable local, state and federal laws.

121.     The debauchery of intentional statutory and constitutional violations above could not have been possible if the Board of Governors had not chosen to ignore it's responsibility demanded by *Florida Statute* 1001.705.

122.     The result of the BOG's choice to not provide the compliance oversight explicitly demanded by *Florida Statute* 1001.705 is that UCF acts as if it simply does not have to follow Florida statutes.

123.     The duties imposed by *Florida Statute* 1001.705 & *Florida Statute* 1007.271(13)(b) shown to be violated above are each unambiguously written in plain language on the face of the statute.   Caselaw interpreting Florida's Sunshine Laws & Public Records Laws is well developed and presented in a 385 page manual published annually by Florida's Attorney General.   Each injury documented above would have been avoided if Defendant had simply followed the law as written in plain language.

124.     Each injury documented above is inherited in this claim.

125.     Additionally, the funds from UCF's E&G account that Florida's House Ethics Panel found to have been fraudulently spent on Colbourn Hall would not have been illegally diverted if the BOG had enforced for the law against improperly spending E&G funds.

126.     Any responsible parent would ask follow up questions after their child got caught spending 38 million dollars they weren't supposed to have, for instance "where did you get that money?" or more specifically in this instance, "how did you accumulate tens of millions of dollars in the E & G account to use as a slush fund?"   The answer to that question is "by 'saving' money in that very account through intentionally violating the civil rights of children under color of law by depriving legally eligible high school students of this government-funded statutorily-granted basic-education program".

127.     Defendants acted with malice & reckless disregard for Plaintiff's civil rights.

128.     Plaintiff seeks compensatory & punitive damages.

## V     RELIEF SOUGHT

129.     Plaintiff seeks nominal, compensatory, & punitive damages.

As required by Federal Rule of Civil Procedure 11, I certify by signing below that ~~to the best of my knowledge, information, and belief,~~ this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted April 4 2022

Alfred Risien Hamman
1209 N Westmoreland Dr.
Orlando, FL 32804
407-421-9323
al@hamman.net

## VERIFICATION

On April 4 2022, Alfred Risien Hamman personally appeared before me, the undersigned Notary Public, and, after being duly sworn, he stated under oath that each statement contained within this document is within his personal knowledge and is true and correct (including the Rule 11 Certification above), and that each document referred to in the appendix is true and correct as well.

Alfred Risien Hamman

SUBSCRIBED AND SWORN TO BEFORE ME on April 4 2022, which I certify by my seal as set out below.

Notary's seal:

JOHN HOFFSTEAD
MY COMMISSION # GG 265726
EXPIRES: October 7, 2022
Bonded Thru Notary Public Underwriters

Signature

JoHN HoFFSTEAD
Printed Name

Notary Public in and for the State of Florida
My Commission expires   10 - 7 - 2022

i

L SERVICE® | EXPRESS®




U.S. POSTAGE PAID
PME 2-DAY
ORLANDO, FL
32804
APR 06, 22
AMOUNT
**$34.35**
R2305K193440-10

1007    32301

APR 07 2022

FOR DOMESTIC A
PLACE MAIL      HERE



UNITED STATES POSTAL SERVICE | PRIORITY MAIL EXPRESS®

EI 286 817 987 US

CUSTOMER USE ONLY

PHONE 407 421 9323

FROM: (PLEASE PRINT)
HAMMAN
1209 N. WESTMORELAND
ORLANDO FL 32804

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

ORIGIN (POSTAL SERVICE USE ONLY)

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |

PO ZIP Code: 32854    Scheduled Delivery Date (MM/DD/YY): 4/7/22    Postage: $ 34.35

Date Accepted (MM/DD/YY): 4/6/22    Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM    Insurance Fee $    COD Fee $

Time Accepted: 4:15 ☐ AM ☐ PM    Return Receipt Fee $    Live Animal Transportation Fee $

DELIVERY OPTIONS (Customer Use Only)
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*

PHONE 850 521 3501

TO: (PLEASE PRINT)
U.S. COURTHOUSE
111 N. ADAMS STE 322
TALL FL
ZIP+4 (U.S. ADDRESSES ONLY) 32301-7230

Special Handling/Fragile $    Sunday/Holiday Premium Fee $    Total Postage & Fees $ 34.35

Weight: 10.4 oz ☐ Flat Rate    Acceptance Employee Initials: OK

DELIVERY (POSTAL SERVICE USE ONLY)
Delivery Attempt (MM/DD/YY)    Time ☐ AM ☐ PM    Employee Signature
Delivery Attempt (MM/DD/YY)    Time ☐ AM ☐ PM    Employee Signature

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

PEEL FROM THIS CORNER

PRESS FIRMLY

LY TO SEAL



EMERGENCY

REQUEST FOR

TRO